UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YENFRY YENRIK VIVAS MONCADA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-07842-DJC-CSK<br><br>RELEASE ORDER<br><br>A# 241-764-560 |

Before this Court is Petitioner Yenfry Yenrik Vivas Moncada's pro se Petition for Writ of Habeas Corpus (ECF No. 1.) For the reasons stated below, the Court orders Petitioner's immediate release from custody.

**BACKGROUND**

Petitioner, a citizen of Venezuela, has been in the custody of Immigration and Customs Enforcement ("ICE") since July 22, 2026 after his arrest that day for conducting business without a license. (Opp'n, Ex. 1 (ECF No. 5-1) at 2–3.) Petitioner was paroled into the United States in 2022. (*Id.* at 2.) Petitioner currently has an approved Employment Authorization. (*Id.*) Petitioner received a bond hearing with an Immigration Judge on September 8, 2026 and was denied bond based on the Immigration Judge's finding that Petitioner constituted a danger to the community.

(Opp'n, Ex. 4 (ECF No. 5-4).) The briefing on this matter is now complete. (Pet.; Opp'n.)

**DISCUSSION**

Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States." Petitioner argues that Respondents violated his due process rights because he was detained without a pre-deprivation bond hearing. (Pet. ¶ 13.) Respondents argue that petitioner is lawfully detained, and that § 1226(a) entitles him only to a post-detention bond hearing. (Opp'n at 2.)

Petitioner previously received parole and currently has an Employment Authorization Document. Courts have held that parole creates a liberty interest that lasts past the expiration of that parole. *See, e.g., Martinez-Gutierrez v. Noem*, No. 1:26-cv-00421-DJC-CSK, 2026 WL 279890, at *3 (E.D. Cal. Feb. 3, 2026) (collecting cases). Courts have also found that Government vests Petitioner with "a liberty interest in his continued freedom" where it "sanction[s] [Petitioner's] continued presence in the United States by granting . . . his employment authorization." *Gagik T. v. Chestnut, et al.*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026).

Petitioner has thus established "a significant liberty interest in remaining free from detention that must be protected by adequate procedural safeguards." *Fernandez v. Warden,* No. 5:26-cv-03927-ACCV, 2026 WL 2455934, at *3 (C.D. Cal. Aug. 21, 2026). To determine which procedural protections are due given Petitioner's protected liberty interest, courts rely on the *Mathews v. Eldridge* factors. These factors are: (i) the private interest, (ii) the risk of an erroneous deprivation and the value of additional procedures sought, and (iii) the government's interest, including the burdens associated with the additional procedures sought. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner's interest "weighs heavily in [his] favor in light of the length of time [he] has resided in the United States and [his] continuing community ties." *Anderson v. Che[st]nut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *3 (E.D. Cal. Mar. 24, 2026). More fundamentally, Petitioner has a substantial interest in his own liberty. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

Second, the risk of erroneous deprivation is high where, as in the present case, "Petitioner did not receive a pre-detention hearing to determine whether there is a valid basis for detention." *Nurlan Gudavasov v. David Marin*, No. 5:26-cv-00541-AH-MBK, 2026 WL 712827, at *2 (C.D. Cal. Mar. 9, 2026). "Moreover, Petitioner was likely prejudiced by being forced to litigate the legality of [his] confinement from inside a detention center" given the added difficulty in "access[ing] counsel, obtain[ing] evidence, and otherwise prepar[ing] for a bond hearing." *Lyu v. Janecha*, No. 5:26-cv-05051-MBK, 2026 WL 2681631, at *5 (C.D. Cal. Sept. 13, 2026); *see also Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 778 (N.D. Cal. 2019) (discussing the "substantial challenges" faced by a noncitizen attempting to litigate a removal case while detained).

Third, the Government has not advanced a compelling countervailing interest that "supports conducting a bond hearing only after Petitioner has been detained, rather than in advance thereof." *Orellana-Rivera v. Johnson*, No. 5:26-cv-02116-HDV-AJR, 2026 WL 1390433, at *4 (C.D. Cal. May 14, 2026). As a general matter, process should precede deprivation. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993) (explaining that "[w]e tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event") (quotation and citation omitted). Consequently, courts "typically require evidence of urgent concerns or an especially strong government

interest to justify a post-deprivation hearing." *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1101 (E.D. Cal. 2026). Here, Respondents have not presented evidence or argumentation claiming valid governmental interests which justified postponing a hearing until after Petitioner's detention. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1030 (N.D. Cal. 2025) (holding that "due process requires the government to identify some interest beyond its own administrative practices to justify depriving an individual of her liberty without any pre-deprivation protections"). The crime for which Petitioner had been arrested—conducting business without a license—hardly demonstrates an imminent danger to the public. Therefore, the final *Mathews* factor does not weigh in Respondents' favor.

Based on the above analysis of the *Mathews* factors, the Court finds that Petitioner's detention absent a pre-deprivation hearing violated his due process rights. Respondents argue that no further process is due to Petitioner because he has already received a bond hearing while detained. (Opp'n at 2) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008).) But an "increasing wave of district courts have concluded" that a "post-hoc bond hearing" does not support "continued detention" following a violation of Petitioner's due process rights. *Orellana-Rivera*, 2026 WL 1390433, at *1. These courts have reasoned that "allowing the government to 'cure'" a due process violation "by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless." *Mendoza v. Adelanto ICE Processing Center Warden*, No. 5:26-cv-02144-KES, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (holding that "a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty"); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) (holding that Respondents' arguments that post-deprivation bond hearing is sufficient "misapprehend the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he

is now seeking to avoid"). That is particularly true in the present moment, where the Government has been depriving individuals of pre-deprivation hearings in violation of due process in a litany of cases.

Moreover, while the Immigration Judge's one-line decision denying bond does not specify which party carried the burden of proof at Petitioner's bond decision, (*see* Opp'n, Ex. 4), generally, at "a custody redetermination hearing before an immigration judge, the alien bears the burden of justifying discretionary release by showing that he is neither a flight risk nor a danger to the community." *Sergio R.V.-P. v. Mullin*, No. 26-cv-02361 (NEB/ECW), 2026 WL 1727869, at *4 (D. Minn. May 29, 2026), *report and recommendation adopted,* No. 26-cv-02361 (NEB/ECW), 2026 WL 1725810 (D. Minn. June 15, 2026) (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)). Where an individual has a liberty interest protected by the Due Process Clause, however, the burden is properly placed on the Government to show dangerousness or risk of flight by clear and convincing evidence. *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011); *see also Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025) (noting that "when there is a substantial liberty interest at stake, the government should have the burden of proof by clear and convincing evidence that an individual is a flight risk or danger before depriving the individual of that liberty" and collecting cases). By holding a post-deprivation hearing pursuant to section 1226 as opposed to a pre-deprivation hearing as required by due process, Respondents required Petitioner to carry a heavier burden all the while being detained without access to many of the resources necessary to present his case.

The Court therefore joins the growing number of district courts in finding that the post-deprivation bond hearing did not cure the violation of Petitioner's due process right to a pre-deprivation hearing.

////

////

////

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is granted as to Ground One.[1]
2. Respondents are ordered to immediately release Petitioner Yenfry Yenrik Vivas Moncada from custody and return all of Petitioner's documents and possessions.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve the California City Detention Center with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10-Moncada-126cv07842.merits

[1] In the interest of judicial economy, the Court does not address Petitioner's other claims.